HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRISHA ANN MARIE CHAPMAN, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, in her capacity as Acting Commissioner of the Social Security Administration, <br><br> Defendant. | CASE NO. C14-5221RAJ <br><br> ORDER |

## I. INTRODUCTION

This matter comes before the court on the Report and Recommendation ("R&R") (Dkt. # 19) of the Honorable John L. Weinberg, United States Magistrate Judge, along with Plaintiff Trisha Ann Marie Chapman's objection (Dkt. # 23) to the R&R. The court has considered the R&R, the objection, the Commissioner's response to the objection and Ms. Chapman's reply, the briefs the parties submitted to Judge Weinberg, and the Administrative Record ("AR"). For the reasons stated below, the court GRANTS Ms. Chapman's objection in part and DENIES it in part. The court ADOPTS the R&R as to its conclusions about Ms. Chapman's physical health, but DECLINES TO ADOPT the R&R as to its conclusions about Ms. Chapman's mental health. The court REVERSES the Commissioner's final decision, and REMANDS this action to the Social Security Administration ("SSA") for further proceedings consistent with this order. The clerk

ORDER – 1

shall enter judgment for Ms. Chapman and ensure that Judge Weinberg receives notice of this order.

## II.  BACKGROUND & ANALYSIS

The court need not repeat the R&R's thorough discussion of the circumstances underlying this appeal of the denial of Ms. Chapman's application for disability benefits. That denial came in the November 13, 2012 decision of an administrative law judge ("ALJ").

In particular, the court need not repeat the R&R's discussion of the conditions that limit Ms. Chapman's physical capacity to work.  Ms. Chapman objects to the R&R's analysis of the ALJ's treatment of Ms. Chapman's assertions that she suffers from carpal tunnel syndrome, but that objection does not persuade the court.  The court adopts the R&R in this regard, because the court agrees that the ALJ had an adequate basis to conclude that Ms. Chapman's carpal tunnel syndrome could not be expected to persist for 12 months.  The parties identify no other disputes about the ALJ's assessment of Ms. Chapman's physical capabilities.

Ms. Chapman raises objections to errors in the testimony of the vocational expert who testified at her hearing as well as the ALJ's alleged failure to account for those errors.  Those objections do not persuade the court, and the court adopts the R&R's analysis of the vocational expert's testimony and the ALJ's assessment of it.

Ms. Chapman objects to the ALJ's treatment of the report of lay witness Alex Stollar, who at various times relevant to this appeal was Ms. Chapman's landlord, friend, and then husband.  The court need not decide if the ALJ had an adequate basis to limit the weight afforded to Mr. Stollar's report, because any error in the ALJ's assessment is immaterial in light of the court's disposition today.

The court departs from the R&R only in its consideration of the evaluations of two psychologists: Dr. Terilee Wingate, Ph.D, and Dr. Tasmyn Bowes, Psy.D.  Both psychologists examined Ms. Chapman and diagnosed her with post-traumatic stress

ORDER – 2

disorder, major depressive disorder, and borderline personality disorder. Both psychologists concluded that Ms. Chapman's mental health would interfere markedly with key aspects of her job performance. Dr. Bowes concluded that she would have marked difficulty learning new tasks, persisting in the completion of tasks, and maintaining appropriate behavior throughout the workday. AR 399-404. Dr. Wingate concluded that she would have difficulty persisting in work activity and would be unable to get along with co-workers, supervisors, or the public in a job setting. AR 537. When Ms. Chapman's counsel asked the vocational experts to incorporate those limitations into the assessment of Ms. Chapman's ability to work, the vocational expert did not identify any jobs she could perform. AR 80-84.

Where medical evidence contradicts the evidence from an examining or treating medical provider, the "ALJ may reject [the examining provider's opinion] by providing specific and legitimate reasons that are supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Two psychologists who did not examine Ms. Chapman performed reviews of her medical records, arriving at mental residual functional capacity assessments that were somewhat less restrictive than the limitations that Dr. Wingate and Dr. Bowes assessed. AR 98-100, 122-123. The court follows the ALJ's lead and treats those assessments as contradictory evidence. The question is whether there were specific and legitimate reasons to reject the opinions of Dr. Bowes and Dr. Wingate.

The ALJ gave "little weight" to Dr. Bowes's opinion because she relied on Ms. Chapman's subjective reporting (which the ALJ believed was not "entirely credible"), because Dr. Bowes was not aware of evidence of Ms. Chapman's social functioning, and because she had not reviewed Ms. Chapman's treatment records. AR 23-24. The ALJ also pointed to Dr. Bowes's conclusion that Ms. Chapman's exaggeration of symptoms invalidated her scores on the Personality Assessment Inventory ("PAI"). AR 23-24. The ALJ gave little weight to Dr. Wingate's testimony because she relied excessively on Ms.

ORDER – 3

Chapman's subjective reporting, but also because the ALJ rejected her conclusion that Ms. Chapman would have difficulty getting along with supervisors or co-workers. AR 24. The ALJ reasoned that Ms. Chapman followed Dr. Wingate's instructions, and thus would be able to follow a supervisor's instructions. AR 24. The ALJ also concluded that Ms. Chapman's past work history was inconsistent with Dr. Wingate's assessment that she would have difficulty interacting with co-workers and supervisors. AR 24.

Ms. Chapman's work history did not provide a legitimate basis to limit the weight afforded to anyone's testimony. Ms. Chapman last worked in December 2010. AR 49-51. For some months leading up to that date, she took care of two children (either in their home or in her home) for 4 to 5 hours per day every other week. AR 49-51. She did that work without supervision, and thus that employment has no bearing on her ability to get along with co-workers or supervisors. Prior to that work, Ms. Chapman's last job was providing childcare at "The Learning Tree," a job that ended in September 2008. AR 51-53, 267. That job ended when Ms. Chapman had a dispute with her supervisor. AR 52-53. Ms. Chapman's disability onset date was July 2010. The ALJ could not point to employment prior to that date as evidence of her ability to work despite her disability. And unsupervised child care work performed for a few months after that date gives no insight into her ability to work with adult supervisors and co-workers.

Ms. Chapman's ability to follow Dr. Wingate's instructions is not a legitimate basis to discount the conclusion that Ms. Chapman would have difficulty working with co-workers and supervisors. Ms. Chapman's ability to follow directions in a clinical environment that lasted no more than a day says little, if anything, about her ability to cope with co-workers and supervisors day after day.

Dr. Bowes's lack of awareness of certain aspects of Ms. Chapman's social functioning was not a legitimate basis to doubt her opinions. That evidence, which showed that Ms. Chapman socialized by computer, phone, and text messaging, AR 23-

ORDER – 4

24, has no bearing on her ability to function in a workplace in face-to-face interactions with co-workers and supervisors.

If Dr. Bowes was limited by her failure to review Ms. Chapman's medical records, that limitation is not apparent in the record. The ALJ identified no specific medical records that were inconsistent with Dr. Bowes's conclusions as to Ms. Chapman's opinions about Ms. Chapman's ability to learn new skills, persist at work, and behave appropriately in a workplace environment. This court is not aware of any such medical records.

Dr. Bowes, a psychologist, is more qualified than this court or the ALJ to interpret Ms. Chapman's PAI results. Dr. Bowes concluded that Ms. Chapman's test results were invalid because she "spiked the neg[a]tive impression management scale" and "elevated the Infrequency Scale" by endorsing "symptoms that even the most sever[e]ly di[s]turbed of the clin[i]cal sample typically do not endorse." AR 404. To Dr. Bowes, that meant that Ms. Chapman was experiencing such a "high level of symptomol[o]gy and dysfunction" that her performance on the test "was motivated by a cry for help." AR 404. This court has no idea how to properly interpret the results of the PAI, and thus has no legitimate basis to question the conclusions that Dr. Bowes drew. If the ALJ had a basis to question that conclusion, it is not apparent in the record.

What remains of the ALJ's reasons for giving little weight to the examining psychologists' conclusions is the criticism that the psychologists relied excessively on Ms. Chapman's subjective reports. Putting aside the content of Ms. Chapman's reporting, the court does not know how the ALJ decided that the psychologists relied on that reporting to reach their key conclusions. It is true that both psychologists took Ms. Chapman's subjective reports and noted them in their evaluations. But both psychologists also administered tests, and the court has no basis to decide whether their key conclusions about Ms. Chapman's workplace functioning drew from her subjective reports or from their objective testing. Again, if the ALJ had a basis to make that

ORDER – 5

distinction, it is not apparent in the record. There are indications that the psychologists did not rely on Ms. Chapman's reporting, or at least not uncritically. Whereas Ms. Chapman told Dr. Bowes that she could not read for more than "two seconds," AR 399, it is plain that Dr. Bowes did not base her mental capacity assessment on that exaggeration. With no basis to ground the psychologists' key conclusions about Ms. Chapman's mental functioning at work in Ms. Chapman's reporting, the court cannot rely on her reporting as a basis to reject those conclusions.

The foregoing is a sufficient basis to conclude that the ALJ lacked specific and legitimate reasons to give little weight to the conclusions of the examining psychologists. The court also notes, however, that to the extent that the ALJ wished to reject specific conclusions from the psychologists because of doubts about the credibility of Ms. Chapman's reports, the ALJ was obligated to point to specific reporting that was relevant to those conclusions. The ALJ pointed to many reasons to doubt Ms. Chapman's credibility. The court need not review those reasons here. What is missing is an identification of reporting relevant to the key aspects of the psychologists' conclusions and a reason to doubt that reporting. The court finds no reporting inconsistent, for example, with the conclusion that Ms. Chapman could not maintain the persistence necessary to work successfully. The court also finds no reporting inconsistent with the conclusion that Ms. Chapman would not be able to function appropriately with co-workers and supervisors.

Ms. Chapman requests that the court not only reverse the ALJ's decision, but remand for an award of benefits. On this record, the court could credit fully the opinions of Dr. Bowes and Dr. Wingate, which would likely mandate the conclusion that Ms. Chapman is disabled. But this is not a well-developed record with respect to Ms. Chapman's mental health, and the court hopes that further administrative proceedings will provide a better record. *See Garrison*, 759 F.3d at 1020 (noting that credit-as-true rule applies only when "the record has been fully developed and further administrative

ORDER – 6

proceedings would serve no useful purpose"). Moreover, the court cannot dismiss the possibility that new additional proceedings would result in specific evidence that undermines the conclusions of the psychologists as to Ms. Chapman's mental functioning. *See Burrell v. Colvin*, 775 F.3d 1133, 2014 U.S. App. LEXIS 24654, at *19 (9th Cir. 2014) (noting court's discretion not to remand for award of benefits when the "record as a whole creates serious doubt" as to whether the claimant is disabled). The court accordingly declines to remand for an award of benefits.

On remand, there is no need to reconsider Ms. Chapman's physical limitations as the ALJ assessed them, although Ms. Chapman may request new consideration if she has new medical evidence that sheds additional light on her physical capacity. Unless that occurs, remand should focus on the concerns about Ms. Chapman's mental functioning that the court identified in this order.

### III.  CONCLUSION

For the reasons stated above, the court GRANTS Ms. Chapman's objection (Dkt. # 23) in part and DENIES it in part. The court ADOPTS the R&R as to its conclusions about Ms. Chapman's physical health, but DECLINES TO ADOPT the R&R as to its conclusions about Ms. Chapman's mental health. The court REVERSES the Commissioner's final decision, and REMANDS this action to the Social Security Administration for further proceedings consistent with this order. The clerk shall enter judgment for Ms. Chapman and ensure that Judge Weinberg receives notice of this order.

DATED this 11th day of March, 2015.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 7