HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRISHA ANN MARIE CHAPMAN,

    Plaintiff,

    v.

CAROLYN W. COLVIN, in her capacity as Acting Commissioner of the Social Security Administration,

    Defendant.

CASE NO. C14-5221RAJ

ORDER

    This matter comes before the court on Plaintiff's motion (Dkt. # 29) for attorney fees following a favorable resolution of her appeal of the Commissioner's denial of Social Security disability benefits. For the reasons stated below, the court GRANTS the motion and awards Plaintiff $6728.12 in attorney fees and $20.07 in litigation expenses, payable as described at the conclusion of this order.

    The Commissioner does not contest the amount of Plaintiff's fees; the sole basis for opposing Plaintiff's motion is the contention that the decision to deny Plaintiff disability benefits was substantially justified. The Equal Access to Justice Act ("EAJA") mandates that when a civil litigant prevails in an action by or against the United States, that litigant shall receive attorney fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The burden is on the government to demonstrate

ORDER – 1

that its position was substantially justified. *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014). In a case challenging the administrative decision of a federal agency, the government must show both that its position in the underlying agency action and that its position in the litigation challenging that action had a reasonable basis in law and fact. *Id.*

The Commissioner correctly points out that there was substantial justification for many aspects of the ALJ's decision to deny Plaintiff benefits. That, however, is not the standard; the Commissioner must show that its position on the particular issue on which the claimant earned remand was substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1078 (9th Cir. 2010). The court's ruling was that the Commissioner did not have a reasonable basis to conclude that Plaintiff's mental health permitted her to work. Mar. 11, 2015 ord. (Dkt. # 27) at 6 ("[T]he ALJ lacked specific and legitimate reasons to give little weight to the conclusions of the examining psychologists."). The court finds that the administrative decision was not substantially justified.

The court awards EAJA attorney fees of $6728.12 in attorney fees and $20.07 in litigation expenses to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). If the United States determines that Plaintiff's EAJA fees are not subject to any offset allowed under the Department of the Treasury's Offset Program, it shall issue payment to Plaintiff.[1]

DATED this 14th day of July, 2015.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Court Judge

---

[1] Plaintiff's proposed order contains no instructions regarding the recipient of the payment.

ORDER – 2